TO: Clerk's Office
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**APPLICATION FOR LEAVE TO FILE DOCUMENT UNDER SEAL**

******************************
IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED CALL NUMBER (646) 474-4581 THAT IS IN THE CUSTODY OR CONTROL OF T-MOBILE

20-MC-1835
Docket Number

******************************

SUBMITTED BY: Plaintiff____ Defendant____ DOJ ✓
Name: Francisco J. Navarro
Firm Name: United States Attorney's Office
Address: 271 Cadman Plaza East
Brooklyn, New York 11201
Phone Number: (718) 254-6007
E-Mail Address: francisco.navarro@usdoj.gov

INDICATE UPON THE PUBLIC DOCKET SHEET: YES____ NO ✓
**If yes, state description of document to be entered on docket sheet:**

**A) If pursuant to a prior Court Order**:
Docket Number of Case in Which Entered:_____
Judge/Magistrate Judge:_____
Date Entered:_____

**B) If a new application,** the statute, regulation, or other legal basis that authorizes filing under seal

Ongoing investigation and defendant is at large.

**ORDERED SEALED AND PLACED IN THE CLERK'S OFFICE, AND MAY NOT BE UNSEALED UNLESS ORDERED BY THE COURT.**

DATED: Brooklyn , NEW YORK
8/4/2020

_Steven M. Gold_

**U.S. MAGISTRATE JUDGE**

RECEIVED IN CLERK'S OFFICE 8/4/2020
DATE

**MANDATORY CERTIFICATION OF SERVICE**:
**A.)** ___ A copy of this application either has been or will be promptly served upon all parties to this action, **B.)** ___ Service is excused by 31 U.S.C. 3730(b), or by the following other statute or regulation:_____; or **C.)** ✓ This is a criminal document submitted, and flight public safety, or security are significant concerns. (Check one)

8/4/2020
DATE                    SIGNATURE

DMP:FJN
F. # 2020R00621

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED CALL NUMBER (646) 474-4581 THAT IS IN THE CUSTODY OR CONTROL OF T-MOBILE US, INC. | **TO BE FILED UNDER SEAL**<br><br>**APPLICATION FOR A SEARCH WARRANT FOR PROSPECTIVE CELL SITE INFORMATION**<br><br>Case No. 20-MC-1835 |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, DAVID J. WILLIAMS, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application for a search warrant for information associated with a certain cellular device assigned call number (646) 474-4581 (the "Target Cell Phone"), with listed subscriber(s) not known, but believed to be used by JEREMY TRAPP, that is in the custody or control of T-MOBILE US, INC., a wireless communications service provide is headquartered at 4 Sylvan Way, Parsippany, New Jersey 07054.  As a provider of wireless communications service, T-MOBILE US, INC. is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15).

2.       The Target Cell Phone and the information to be searched is described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) and Federal Rule of Criminal Procedure 41 to require T-MOBILE US, INC. to disclose to the government the information further described in Attachment B.

3. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," see 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act.  See 18 U.S.C. §§ 3121-3127.  The requested warrant therefore includes all the information required to be included in an order pursuant to that statute.  See 18 U.S.C. § 3123(b)(1).

4. I am a Special Agent with the Federal Bureau of Investigation, assigned to the Joint Terrorism Task Force.  I have been a Special Agent for approximately three years.  As a Special Agent, I have investigated numerous matters during the course of which I have conducted physical and electronic surveillance, interviewed witnesses, executed court-authorized search warrants and used other investigative techniques to secure relevant information regarding a variety of crimes.  I am familiar with the facts and circumstances set forth below from my personal review of records, documents and other physical evidence obtained during this investigation, and from communications and information provided to me by fellow agents and other government personnel with knowledge related to this investigation.

5. This affidavit is intended to show merely that there is probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that JEREMY TRAPP is a fugitive and that he has used and is using the Target Cell Phone.  There is also probable cause to search the information described in Attachment A for TRAPP who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

## **PROBABLE CAUSE**

7. On August 4, 2020, I swore out a criminal complaint before the Honorable Steven M. Gold, United States Magistrate Judge for the Eastern District of New York, charging TRAPP with one count of destruction of a New York City Police Department vehicle, in violation of 18 U.S.C. § 33.  See Complaint No. 20-M-626 (E.D.N.Y. Aug. 4, 2020).  Judge Gold signed an arrest warrant for TRAPP that is pending execution.

8. Law enforcement officers are attempting to arrest TRAPP pursuant to the above-described arrest warrant.  At present, TRAPP's whereabouts are unknown to law enforcement.  The requested information will assist law enforcement in apprehending TRAPP.  Specifically, the location information being sought for the Target Cell Phone will help law enforcement locate TRAPP, as well as identify patterns in TRAPP's movements that will assist in effectuating a safe arrest.

9. A search of law enforcement databases revealed that the Target Cell Phone is associated with TRAPP.  In addition, a confidential source ("CS") has confirmed that TRAPP uses the Target Cell Phone.[1]

10. Specifically, the CS has advised law enforcement officers that TRAPP has been using the number associated with the Target Cell Phone to communicate with the CS since July 13, 2020.  TRAPP last communicated with the CS via the Target Cell Phone on July 21, 2020.

---

[1] The CS is a paid informant for the NYPD.  The information provided by the CS has proven reliable in the past and has been corroborated by independent investigative techniques.

Additionally, on July 28, 2020, an individual using the Target Cell Phone called the CS's telephone.

11.  In my training and experience, I have learned that T-MOBILE US, INC. is a company that provides cellular communications service to the general public.  I also know that providers of cellular communications service have technical capabilities that allow them to collect and generate information about the locations of the cellular devices to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records."  Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular device and, in some cases, the "sector" (i.e., faces of the towers) to which the device connected.  These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas.  Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device.  Accordingly, cell-site data provides an approximate general location of the cellular device.

12.  Based on my training and experience, I know that T-MOBILE US, INC. can collect cell-site data on a prospective basis about the Target Cell Phone.  Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer was connected at the end of the communication; and (5) the duration of the communication.  I also know that wireless providers such as T-MOBILE US, INC. typically collect and retain cell-site data pertaining to cellular

4

devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

13. Based on my training and experience, I know each cellular device has one or more unique identifiers embedded inside it. Depending on the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The unique identifiers – as transmitted from a cellular device to a cellular antenna or tower – can be recorded by pen-trap devices and indicate the identity of the cellular device making the communication without revealing the communication's content.

## AUTHORIZATION REQUEST

14. Based on the foregoing, I request that the Court issue the proposed warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41. The proposed warrant will also function as a pen register order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and/or trap and trace device to record, decode, and/or capture certain information in Attachment A for each communication to or from the Target Cell Phone, without geographic limit, for a period of thirty days (30) days pursuant to 18 U.S.C. § 3123(c)(1).

15. I further request that the Court direct T-MOBILE US, INC. to disclose to the government any information described in Attachment B that is within its possession, custody, or control. Because the warrant will be served on T-MOBILE US, INC., who will then compile the

5

requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

16. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

Respectfully submitted,

/s/ David J. Williams

DAVID J. WILLIAMS
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me by telephone on August 4, 2020.

*Steven M. Gold*

HONORABLE STEVEN M. GOLD
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK